**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ENVTECH, INC., | ) | 3:11-cv-00523-HDM-WGC |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| TALMOR SUCHARD, | ) | |
| Defendants. | ) | |

Before the court is the defendant's motion to dismiss for lack of personal jurisdiction or in the alternative motion to transfer venue (#15). Plaintiff has opposed (#30), and defendant has replied (#32). Plaintiff asserts that this court has personal jurisdiction over defendant based primarily on the forum selection clauses contained in the parties' employment agreements, and to the extent the forum selection clauses do not confer jurisdiction, through specific personal jurisdiction.

The court may order jurisdictional discovery "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *Doe v.*

1

*Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).  Upon review of the pleadings and evidence attached thereto, the court finds that there are several pertinent controverted facts bearing on the question of jurisdiction.  Accordingly, the parties shall have until December 5, 2011, in which to engage in limited discovery directed toward (1) the validity of the forum selection clauses, and (2) the facts supporting plaintiff's claim of specific personal jurisdiction.  The defendant's motion to dismiss (#15) is therefore denied without prejudice, to renew within fifteen days of the close of discovery as set forth above.

    IT IS SO ORDERED.

    DATED: This 5th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE

2