UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ENVTECH, INC., | ) | 3:11-cv-00523-HDM-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| TALMOR SUCHARD, | ) | |
| | ) | |
| Defendant. | ) | |

On July 28, 2011, the defendant filed a motion to dismiss for lack of personal jurisdiction. On October 5, 2011, the court denied the motion without prejudice and granted the parties until December 5, 2011, in which to engage in limited jurisdictional discovery. The court further granted the defendant leave to renew his motion to dismiss within fifteen days of the close of discovery. Pursuant to stipulation of the parties, jurisdictional discovery has since been continued to allow the deposition of Alex Chacon, and the deadline for renewing the motion to dismiss set for thirty days after that deposition took place.

On June 7, 2012, the plaintiff filed a motion to end jurisdictional discovery and continue the proceedings (#39).

1

Defendant has not filed any response.  In the motion, plaintiff asserts that while the deposition of Alex Chacon has not yet taken place, the defendant has avoided setting a date for the deposition due to ongoing settlement negotiations.  Plaintiff alleges that it now believes the settlement negotiations are merely delay tactics, intended to allow defendant to continue his efforts to compete with plaintiff and undermine plaintiff's business.  Plaintiff therefore asks the court to end jurisdictional discovery and set a deadline for the defendant to renew his motion to dismiss.

Defendant has not opposed the plaintiff's motion, and the time for doing so has expired.  Accordingly, the motion to end jurisdictional discovery (#39) is hereby **GRANTED**.  The defendant shall file a pleading responsive to the plaintiff's complaint on or before July 20, 2012.

IT IS SO ORDERED.

DATED: This 28th day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE