ANTHONY L. HALL, ESQ., NV Bar #5977
ahall@hollandhart.com
DORA V. LANE, ESQ., NV Bar #8424
dlane@hollandhart.com
HOLLAND & HART, LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: 775-327-3000
Fax: 775-786-6179

*Attorneys for Plaintiff ENVTECH, INC.*

MARK A. GOODMAN, ESQ., NV Bar #10357
mark.goodman.esq@gmail.com
GOODMAN LAW CENTER
348 Mill Street
Reno, NV 89501
Tel: 775-473-4268
Fax: 775-996-8787

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ENVTECH, INC., a Nevada Corporation,

    Plaintiff,

vs.

TALMOR SUCHARD, an individual,
SENTRO TECHNOLOGIES, LTD., and
SENTRO TECHNOLOGIES, LLC

    Defendants.

CASE NO: **3:11-CV-00523-HDM-WGC**

**ORDER ON CONFIDENTIALITY AGREEMENT AND STIPULATION FOR ENTRY OF A QUALIFIED PROTECTIVE ORDER**

Plaintiff EnvTech, Inc. and Defendant Talmor Suchard ("Suchard"),[1] through their respective counsel, agree that in the course of this litigation a party may produce documents and information which are confidential or commercially sensitive in nature and that public disclosure of such information could be detrimental to the producing party's interests. Similarly, such confidential or commercially sensitive information may potentially be disclosed by written discovery, deposition testimony (to the extent taken), or in other filings

---

[1] Defendant Sentro Technologies, Ltd. has filed a motion to dismiss for lack of personal jurisdiction. Although Defendant Sentro Technologies, LLC is also a party to this action, the action is currently stayed as to Sentro Technologies, LLC because of its declaration of bankruptcy.

1

with the Court.   The parties accordingly submit this Stipulated Protective Order for the approval and enforcement of the Court and hereby stipulate as follows:

1.   SCOPE.   This Stipulated Protective Order shall apply to all non-public information and materials provided or produced by the parties in the course of the above-captioned litigation, whether written, oral, contained in documents or transcripts, or in any other form, which has in good faith been designated "Confidential" or "Attorney's Copy Only" in accordance with Paragraphs 2 and 3 below.

2.   DEFINITION OF CONFIDENTIAL INFORMATION.   There will be two levels of confidential information—"Confidential" and "Attorney's Copy Only."   A producing party may designate as "Confidential" such non-public documents, information, and materials produced by it which the producing party believes in good faith constitute, contain or reflect proprietary, trade secret or commercially sensitive information, that is not generally known and/or which the party would not normally reveal to non-parties or, if revealed to non-parties, would cause non-parties to maintain in confidence.   A producing party may designate as "Attorney's Copy Only" such Confidential documents, information, and materials produced by it which the producing party believes in good faith constitute, contain or reflect extremely sensitive and highly confidential proprietary, trade secret or commercial information, for which the designation Confidential will not afford adequate protection under the terms of this Stipulated Protective Order, and that the non-producing party should not be entitled to receive a copy of the documents, information, or materials designated as "Attorney's Copy Only."

3.   DESIGNATION.

(A)   A producing party or its counsel may designate as Confidential or Attorney's Copy Only any documents or other tangible things by (i) marking every page of such item Confidential or Attorney's Copy Only as the case may be, or (ii) sending written notice designating each page of such documents or each portion of such tangible things to be treated as Confidential or Attorney's Copy Only as the case may be.

(B)   A producing party or its counsel may designate deposition or other testimony provided by the producing party as Confidential or Attorney's Copy Only by any

2

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

one of the following means: (i) stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that the information is Confidential or Attorney's Copy Only, or (ii) sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential or Attorney's Copy Only within 10 days after receipt of the transcripts.

4.    USE   OF   CONFIDENTIAL   AND   ATTORNEY'S   COPY   ONLY INFORMATION.  Confidential and Attorney's Copy Only documents and information shall not be disclosed or communicated in any fashion nor be used for any purpose other than preparing for and conducting this litigation, as provided for in this Stipulated Protective Order. However, nothing in this Stipulated Protective Order shall prevent any producing party from disclosing or using its own Confidential or Attorney's Copy Only information as it deems appropriate, and any such use shall not be deemed a waiver of any party's rights or obligations under this Stipulated Protective Order with respect to any confidential information.   In addition, nothing in this Stipulated Protective Order shall impose any restrictions on the use or disclosure by any party of documents, information, materials, or testimony obtained by such party independently of discovery in this litigation.

5.    RESTRICTIONS ON ACCESS TO CONFIDENTIAL AND ATTORNEY'S COPY ONLY INFORMATION.

(A)    Access to Confidential information, and to any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Confidential" shall be limited to:

(1)    Counsel of record for the parties to the litigation, including office associates, paralegals, stenographic and clerical employees;

(2)    The parties to this action, their representatives, employees and agents, including in-house counsel;

(3)    Outside witnesses, potential witnesses, consultants, and/or experts, subject to the provisions of Paragraph 6 below;

(4)    Any person who is indicated on the face of a document to have

3

been an author, addressee, or copy recipient thereof;

(5)     The Court and its personnel, including clerks and stenographic reporters engaged in such proceedings as are necessarily incident to this litigation;

(6)     Court reporters or stenographers who record deposition or other testimony in the litigation;

(7)     Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system;

(8)     Any other person whom the producing party agrees to in writing.

(B)     Access to Attorney's Copy Only information, and any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Attorney's Copy Only" shall be limited to:

(1)     Counsel of record for the parties to the litigation, including office associates, paralegal's, stenographic and clerical employees.

(2)     The Court and its personnel, including clerks and stenographic reporters engaged in such proceedings as are necessarily incident to this litigation;

(3)     Court reporters or stenographers who record deposition or other testimony in the litigation.

(4)     Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system.

(5)     Outside consultants and/or experts, subject to the provisions of paragraph 6 below.

(6) Any other person whom the producing party agrees to in writing.

**The party receiving documents, information, or materials designated as "Attorney's Copy Only" may review such documents, information, or materials while they are in the possession of that party's counsel. However, the receiving party may not**

**receive or make copies of the "Attorney's Copy Only" documents, information, or materials.**

Documents, information, or materials which have been designated "Attorney's Copy Only" shall not be given to any other person, unless such person is entitled to access to "Attorney's Copy Only" information pursuant to this paragraph.

6.   ACCESS BY OUTSIDE WITNESSES, CONSULTANTS, AND/OR EXPERTS TO CONFIDENTIAL INFORMATION.  The parties' counsel may, to the extent necessary to the prosecution or defense of this action, in accordance with the terms of this Stipulated Protective Order, and in good faith, make confidential documents or information and any copies, portions, summaries, analyses or excerpts of any documents containing confidential information available to outside or non-party witnesses, consultants, or expert witnesses, provided, however, that, prior to delivering any such information to such witness, consultant, or expert, counsel shall obtain from the witness, consultant or expert, a signed and dated statement to the effect that the person has read this Stipulated Protective Order and agrees to bound by its terms.

7.   DEPOSITIONS.  To the extent deposition occur in this case, persons may be deposed regarding documents or information of which they have knowledge which have been designated Confidential or Attorney's Copy Only.  All transcripts of these depositions and any other deposition containing confidential information will be treated in accordance with this Stipulated Protective Order.  Aside from the witness, no person shall attend any portion of any deposition containing testimony regarding confidential information or documents except counsel for the parties unless such person has executed the written statement described in Paragraph 6.  Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Stipulated Protective Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

1  Court.

2      8.    DISPUTES CONCERNING DESIGNATION OR DISCLOSURE OF

3  DOCUMENTS.  If any party to this Stipulated Protective Order objects to the designation of

4  any information as Confidential or Attorney's Copy Only or there is a dispute concerning the

5  disclosure of confidential information to the person(s) designated by the parties, the party

6  having the objection or dispute shall first state the objection or issue by letter to the party that

7  made such designations.  The parties agree to confer in good faith by telephone or in person to

8  resolve any dispute respecting the terms or operation of this Stipulated Protective Order.  If the

9  parties are unable to resolve such a dispute within 3 days of such conference, the dispute shall

10  be submitted to the Court.  In any such proceeding, the designating party shall have the burden

11  of establishing that the disputed documents or information are Confidential or Attorney's Copy

12  Only, as defined in Paragraph 2 above.  No disclosure of any document or information in

13  dispute shall be made pending resolution of the dispute.

14      The failure of any party to challenge the designation by another producing party of

15  documents, materials, or information as Confidential or Attorney's Copy Only during the

16  discovery period shall not be a waiver of that party's right to object to the designation of such

17  material at a hearing or a trial.

18      9.    FILING WITH THE COURT/FILINGS UNDER SEAL.  All discovery

19  materials filed with the Court which contain "Confidential" or "Attorney's Copy Only"

20  information, and any pleading, brief or memorandum purporting to reproduce or paraphrase

21  "Confidential" or "Attorney's Copy Only" information, shall be filed and endorsed

22  CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER.

23      If a party seeks to file information designated Confidential or Attorney's Copy Only

24  with the Court, the party seeking to file such information must first submit a Motion to Allow

25  Filing Under Seal to the Court, unless the party who produced the information (whether such

26  party is a litigant in this matter or a third party) agrees in writing that such information need not

27  be filed under seal.  A Motion to Allow Filing Under Seal must include a specific description

28  of the information or categories of information sought to be filed under seal, along with a clear

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

1    statement of the facts justifying a seal, including the harm which would result if the
2    information was not filed under seal. Such statement must be made by declaration or affidavit.
3    A party may request that such Motion be heard on an Order Shortening Time and the other
4    party hereby consents to the Court shortening the time for such a motion. If a party seeks to
5    file under seal information designated Confidential or Attorney's Copy Only as part of a
6    dispositive motion, that party must demonstrate compelling reasons to the Court for preserving
7    the secrecy of that information. If a party seeks to file under seal information designated
8    Confidential or Attorney's Copy Only as part of a non-dispositive motion, that party must
9    demonstrate good cause to the Court for preserving the secrecy of that information. If the party
10   seeking to file the confidential information is not the producing party, the producing party
11   (whether such party is a litigant in this matter or a third party) may also seek to demonstrate
12   good cause or compelling reasons to the Court for preserving the secrecy of the information,
13   independently of whatever showing is made by the party seeking to file the information. Until
14   the parties otherwise agree or the Court so determines, all information designated Confidential
15   or Attorney's Copy Only shall continue to be treated as Confidential or Attorney's Copy Only
16   in accordance with this Order. In the event the Court refuses to allow the filing under seal of
17   such information designated as Confidential or Attorney's Copy only, a party shall still be
18   permitted to file such Information, but it will continue to be treated as Confidential or
19   Attorney's Copy Only in all other respects. The Court may change the terms of this section of
20   this Order on its own motion after notice to the parties and an opportunity to be heard. All
21   filing deadlines will be tolled while a motion that is filed under this section is pending before
22   the court.

23        10.    NO IMPLIED ACKNOWLEDGMENT OF CONFIDENTIALITY. The receipt
24   of documents, information or other materials designated as Confidential or Attorney's Copy
25   Only pursuant to this Stipulated Protective Order shall not constitute an acknowledgment that
26   the same are in fact confidential or otherwise legally protectible, and the parties and their
27   counsel shall not be obliged to challenge the propriety of any confidentiality designation.
28   Failure to do so shall not preclude a subsequent challenge to the propriety of any such

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

designation.  Until and unless the parties may agree or the Court may finally determine that such documents, information or materials are not properly designated as Confidential or Attorney's Copy Only pursuant hereto, the same shall continue to be treated as so designated in accordance with the terms of this Stipulated Protective Order.

11.   NO WAIVER.  The production of documents for inspection shall not constitute a waiver of a party's rights to claim in this lawsuit or otherwise that the documents are privileged or otherwise undiscoverable.  Production by any party of confidential documents or information in other litigation shall not constitute a waiver of its right to claim in this lawsuit or hereafter that such documents or information are confidential, privileged or otherwise undiscoverable.  Nothing in this Stipulated Protective Order requires any party to produce any documents or information that the party believes is privileged or otherwise non-discoverable. By entering into this Stipulated Protective Order, the parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or seek any further protective order, or to seek relief from the Arbitrator from any provision of this Stipulated Protective Order by application on notice on any grounds.

12.   DISPOSITION OF CONFIDENTIAL DOCUMENTS AND INFORMATION UPON FINAL DETERMINATION.  Upon the final determination of this action, whether by award or judgment which is no longer appealable, determination after appeal, settlement, or otherwise, all documents, information and material designated as Confidential or Attorney's Copy Only and all copies, testimony, summaries, notes, extracts, or abstracts of such documents or of such information shall promptly be returned to the producing party's counsel, or disposed of pursuant to further order of the Court, except that counsel shall be entitled to retain all memoranda or other documents prepared by counsel embodying information derived from any such materials; provided, however, that no subsequent use shall entail disclosure of any information as to which claim of confidentiality has been made.  The final determination of this action shall not terminate the limitations on use and disclosure contained in this Stipulated Protective Order.

13.     AMENDMENT AND MODIFICATION.  This Stipulated Protective Order may be amended by the written agreement of counsel for the parties submitted to an approved by the Court in this case.  Nothing in this Stipulated Protective Order shall preclude any party to this action from moving to vacate or modify this Stipulated Protective Order or any provision thereof.

14.     JURISDICTION AND ENFORCEMENT.  Any person to whom documents or information designated as Confidential or Attorney's Copy Only are disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring and adjudging such person's compliance with this Stipulated Protective Order.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

1   This jurisdiction shall survive the termination of this action.  Any party or person subject to

2   this Stipulated Protective Order who violates its provisions shall be liable for damages for any

3   injuries or loss suffered by the producing party as a result of such violation.

4       This Order and the agreement embodied herein shall survive the termination of this

5   litigation and continue in full force and effect.

6   RESPECTFULLY SUBMITTED.

7

8   Dated: January 18, 2013.             /s/ Dora V. Lane, Esq.
                                         ANTHONY L. HALL, ESQ., NV Bar #5977
9                                        DORA V. LANE, ESQ., NV Bar #8424
                                         HOLLAND & HART, LLP
10                                       5441 Kietzke Lane, Second Floor
                                         Reno, Nevada 89511
11                                       Tel:  775-327-3000; Fax.: 775-786-6179
                                         *Attorneys for Plaintiff ENVTECH, INC.*
12

13  Dated: January 18, 2013.            /s/ Mark A. Goodman, Esq.
                                         MARK A. GOODMAN, ESQ., NV Bar #10357
14                                       GOODMAN LAW CENTER
                                         348 Mill Street
15                                       Reno, NV 89501
                                         Tel: (775) 473-4268; Fax: (775) 996-8787
16

17                                       *Attorneys for Defendants*
                                         *TALMOR SUCHARD, SENTRO*
18                                       *TECHNOLOGIES, LTD, AND SENTRO*
                                         *TECHNOLOGIES, LLC*

19

20  IT IS SO ORDERED:

21

22                                       _____
                                         UNITED STATES MAGISTRATE JUDGE
23
                                         Dated:  January 18, 2013.
24

25

26

27  5766134_2

28

10