1  ANTHONY L. HALL, ESQ., NV Bar #5977
   ahall@hollandhart.com
2  DORA V. LANE, ESQ., NV Bar #8424
   dlane@hollandhart.com
3  HOLLAND & HART, LLP
   5441 Kietzke Lane, Second Floor
4  Reno, Nevada 89511
   Tel: 775-327-3000
5  Fax: 775-786-6179

6  *Attorneys for Plaintiff ENVTECH, INC.*

7  MARK A. GOODMAN, ESQ., NV Bar #10357
   mark.goodman.esq@gmail.com
8  GOODMAN LAW CENTER
   348 Mill Street
9  Reno, NV 89501
   Tel: 775-473-4268
10 Fax: 775-996-8787

11 *Attorneys for Defendants*

12                **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF NEVADA**
13

14 ENVTECH, INC., a Nevada Corporation,

15          Plaintiff,                    **CASE NO: 3:11-CV-00523-HDM-WGC**

16    vs.                                 **ORDER ON CONFIDENTIALITY
                                          AGREEMENT AND STIPULATION
17 TALMOR SUCHARD, an individual,         FOR ENTRY OF A QUALIFIED
   SENTRO TECHNOLOGIES, LTD., and         PROTECTIVE ORDER**
18 SENTRO TECHNOLOGIES, LLC

19          Defendants.

20 ────────────────────────────

21        Plaintiff EnvTech, Inc. and Defendant Talmor Suchard ("Suchard"),[1] through their

22 respective counsel, agree that in the course of this litigation a party may produce documents

23 and information which are confidential or commercially sensitive in nature and that public

24 disclosure of such information could be detrimental to the producing party's interests.

25 Similarly, such confidential or commercially sensitive information may potentially be

26 disclosed by written discovery, deposition testimony (to the extent taken), or in other filings

27 ────────────────────

28 [1] Defendant Sentro Technologies, Ltd. has filed a motion to dismiss for lack of personal jurisdiction. Although Defendant Sentro Technologies, LLC is also a party to this action, the action is currently stayed as to Sentro Technologies, LLC because of its declaration of bankruptcy.

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

with the Court.   The parties accordingly submit this Stipulated Protective Order for the approval and enforcement of the Court and hereby stipulate as follows:

1.   SCOPE.   This Stipulated Protective Order shall apply to all non-public information and materials provided or produced by the parties in the course of the above-captioned litigation, whether written, oral, contained in documents or transcripts, or in any other form, which has in good faith been designated "Confidential" or "Attorney's Copy Only" in accordance with Paragraphs 2 and 3 below.

2.   DEFINITION OF CONFIDENTIAL INFORMATION.   There will be two levels of confidential information—"Confidential" and "Attorney's Copy Only." A producing party may designate as "Confidential" such non-public documents, information, and materials produced by it which the producing party believes in good faith constitute, contain or reflect proprietary, trade secret or commercially sensitive information, that is not generally known and/or which the party would not normally reveal to non-parties or, if revealed to non-parties, would cause non-parties to maintain in confidence.   A producing party may designate as "Attorney's Copy Only" such Confidential documents, information, and materials produced by it which the producing party believes in good faith constitute, contain or reflect extremely sensitive and highly confidential proprietary, trade secret or commercial information, for which the designation Confidential will not afford adequate protection under the terms of this Stipulated Protective Order, and that the non-producing party should not be entitled to receive a copy of the documents, information, or materials designated as "Attorney's Copy Only."

3.   DESIGNATION.

(A)   A producing party or its counsel may designate as Confidential or Attorney's Copy Only any documents or other tangible things by (i) marking every page of such item Confidential or Attorney's Copy Only as the case may be, or (ii) sending written notice designating each page of such documents or each portion of such tangible things to be treated as Confidential or Attorney's Copy Only as the case may be.

(B)   A producing party or its counsel may designate deposition or other testimony provided by the producing party as Confidential or Attorney's Copy Only by any

one of the following means: (i) stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that the information is Confidential or Attorney's Copy Only, or (ii) sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential or Attorney's Copy Only within 10 days after receipt of the transcripts.

4.   USE   OF   CONFIDENTIAL   AND   ATTORNEY'S   COPY   ONLY INFORMATION.  Confidential and Attorney's Copy Only documents and information shall not be disclosed or communicated in any fashion nor be used for any purpose other than preparing for and conducting this litigation, as provided for in this Stipulated Protective Order. However, nothing in this Stipulated Protective Order shall prevent any producing party from disclosing or using its own Confidential or Attorney's Copy Only information as it deems appropriate, and any such use shall not be deemed a waiver of any party's rights or obligations under this Stipulated Protective Order with respect to any confidential information.   In addition, nothing in this Stipulated Protective Order shall impose any restrictions on the use or disclosure by any party of documents, information, materials, or testimony obtained by such party independently of discovery in this litigation.

5.   RESTRICTIONS ON ACCESS TO CONFIDENTIAL AND ATTORNEY'S COPY ONLY INFORMATION.

(A)   Access to Confidential information, and to any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Confidential" shall be limited to:

(1)   Counsel of record for the parties to the litigation, including office associates, paralegals, stenographic and clerical employees;

(2)   The parties to this action, their representatives, employees and agents, including in-house counsel;

(3)   Outside witnesses, potential witnesses, consultants, and/or experts, subject to the provisions of Paragraph 6 below;

(4)   Any person who is indicated on the face of a document to have

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV  89511

been an author, addressee, or copy recipient thereof;

(5)     The Court and its personnel, including clerks and stenographic reporters engaged in such proceedings as are necessarily incident to this litigation;

(6)     Court reporters or stenographers who record deposition or other testimony in the litigation;

(7)     Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system;

(8)     Any other person whom the producing party agrees to in writing.

(B)     Access to Attorney's Copy Only information, and any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Attorney's Copy Only" shall be limited to:

(1)     Counsel of record for the parties to the litigation, including office associates, paralegal's, stenographic and clerical employees.

(2)     The Court and its personnel, including clerks and stenographic reporters engaged in such proceedings as are necessarily incident to this litigation;

(3)     Court reporters or stenographers who record deposition or other testimony in the litigation.

(4)     Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system.

(5)     Outside consultants and/or experts, subject to the provisions of paragraph 6 below.

(6) Any other person whom the producing party agrees to in writing.

**The party receiving documents, information, or materials designated as "Attorney's Copy Only" may review such documents, information, or materials while they are in the possession of that party's counsel. However, the receiving party may not**

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

**receive or make copies of the "Attorney's Copy Only" documents, information, or materials.**

Documents, information, or materials which have been designated "Attorney's Copy Only" shall not be given to any other person, unless such person is entitled to access to "Attorney's Copy Only" information pursuant to this paragraph.

6.    <u>ACCESS BY OUTSIDE WITNESSES, CONSULTANTS, AND/OR EXPERTS TO CONFIDENTIAL INFORMATION</u>.  The parties' counsel may, to the extent necessary to the prosecution or defense of this action, in accordance with the terms of this Stipulated Protective Order, and in good faith, make confidential documents or information and any copies, portions, summaries, analyses or excerpts of any documents containing confidential information available to outside or non-party witnesses, consultants, or expert witnesses, provided, however, that, prior to delivering any such information to such witness, consultant, or expert, counsel shall obtain from the witness, consultant or expert, a signed and dated statement to the effect that the person has read this Stipulated Protective Order and agrees to bound by its terms.

7.    <u>DEPOSITIONS</u>.  To the extent deposition occur in this case, persons may be deposed regarding documents or information of which they have knowledge which have been designated Confidential or Attorney's Copy Only.  All transcripts of these depositions and any other deposition containing confidential information will be treated in accordance with this Stipulated Protective Order.  Aside from the witness, no person shall attend any portion of any deposition containing testimony regarding confidential information or documents except counsel for the parties unless such person has executed the written statement described in Paragraph 6.  Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Stipulated Protective Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

1    Court.

2         8.    <u>DISPUTES CONCERNING DESIGNATION OR DISCLOSURE OF</u>

3    <u>DOCUMENTS</u>.   If any party to this Stipulated Protective Order objects to the designation of

4    any information as Confidential or Attorney's Copy Only or there is a dispute concerning the

5    disclosure of confidential information to the person(s) designated by the parties, the party

6    having the objection or dispute shall first state the objection or issue by letter to the party that

7    made such designations.   The parties agree to confer in good faith by telephone or in person to

8    resolve any dispute respecting the terms or operation of this Stipulated Protective Order.   If the

9    parties are unable to resolve such a dispute within 3 days of such conference, the dispute shall

10   be submitted to the Court.   In any such proceeding, the designating party shall have the burden

11   of establishing that the disputed documents or information are Confidential or Attorney's Copy

12   Only, as defined in Paragraph 2 above.   No disclosure of any document or information in

13   dispute shall be made pending resolution of the dispute.

14        The failure of any party to challenge the designation by another producing party of

15   documents, materials, or information as Confidential or Attorney's Copy Only during the

16   discovery period shall not be a waiver of that party's right to object to the designation of such

17   material at a hearing or a trial.

18        9.    <u>FILING WITH THE COURT/FILINGS UNDER SEAL</u>.   All discovery

19   materials filed with the Court which contain "Confidential" or "Attorney's Copy Only"

20   information, and any pleading, brief or memorandum purporting to reproduce or paraphrase

21   "Confidential" or "Attorney's Copy Only" information, shall be filed and endorsed

22   CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER.

23        If a party seeks to file information designated Confidential or Attorney's Copy Only

24   with the Court, the party seeking to file such information must first submit a Motion to Allow

25   Filing Under Seal to the Court, unless the party who produced the information (whether such

26   party is a litigant in this matter or a third party) agrees in writing that such information need not

27   be filed under seal.   A Motion to Allow Filing Under Seal must include a specific description

28   of the information or categories of information sought to be filed under seal, along with a clear

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

statement of the facts justifying a seal, including the harm which would result if the information was not filed under seal. Such statement must be made by declaration or affidavit. A party may request that such Motion be heard on an Order Shortening Time and the other party hereby consents to the Court shortening the time for such a motion. If a party seeks to file under seal information designated Confidential or Attorney's Copy Only as part of a dispositive motion, that party must demonstrate compelling reasons to the Court for preserving the secrecy of that information. If a party seeks to file under seal information designated Confidential or Attorney's Copy Only as part of a non-dispositive motion, that party must demonstrate good cause to the Court for preserving the secrecy of that information. If the party seeking to file the confidential information is not the producing party, the producing party (whether such party is a litigant in this matter or a third party) may also seek to demonstrate good cause or compelling reasons to the Court for preserving the secrecy of the information, independently of whatever showing is made by the party seeking to file the information. Until the parties otherwise agree or the Court so determines, all information designated Confidential or Attorney's Copy Only shall continue to be treated as Confidential or Attorney's Copy Only in accordance with this Order. In the event the Court refuses to allow the filing under seal of such information designated as Confidential or Attorney's Copy only, a party shall still be permitted to file such Information, but it will continue to be treated as Confidential or Attorney's Copy Only in all other respects. The Court may change the terms of this section of this Order on its own motion after notice to the parties and an opportunity to be heard. All filing deadlines will be tolled while a motion that is filed under this section is pending before the court.

10.   <u>NO IMPLIED ACKNOWLEDGMENT OF CONFIDENTIALITY</u>. The receipt of documents, information or other materials designated as Confidential or Attorney's Copy Only pursuant to this Stipulated Protective Order shall not constitute an acknowledgment that the same are in fact confidential or otherwise legally protectible, and the parties and their counsel shall not be obliged to challenge the propriety of any confidentiality designation. Failure to do so shall not preclude a subsequent challenge to the propriety of any such

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

1  designation.  Until and unless the parties may agree or the Court may finally determine that

2  such documents, information or materials are not properly designated as Confidential or

3  Attorney's Copy Only pursuant hereto, the same shall continue to be treated as so designated in

4  accordance with the terms of this Stipulated Protective Order.

5      11.    NO WAIVER.  The production of documents for inspection shall not constitute

6  a waiver of a party's rights to claim in this lawsuit or otherwise that the documents are

7  privileged or otherwise undiscoverable.  Production by any party of confidential documents or

8  information in other litigation shall not constitute a waiver of its right to claim in this lawsuit or

9  hereafter that such documents or information are confidential, privileged or otherwise

10  undiscoverable.  Nothing in this Stipulated Protective Order requires any party to produce any

11  documents or information that the party believes is privileged or otherwise non-discoverable.

12  By entering into this Stipulated Protective Order, the parties do not waive any right to object to

13  any discovery request, or to the admission of evidence on any ground, or seek any further

14  protective order, or to seek relief from the Arbitrator from any provision of this Stipulated

15  Protective Order by application on notice on any grounds.

16      12.    DISPOSITION OF CONFIDENTIAL DOCUMENTS AND INFORMATION

17  UPON FINAL DETERMINATION.  Upon the final determination of this action, whether by

18  award or judgment which is no longer appealable, determination after appeal, settlement, or

19  otherwise, all documents, information and material designated as Confidential or Attorney's

20  Copy Only and all copies, testimony, summaries, notes, extracts, or abstracts of such

21  documents or of such information shall promptly be returned to the producing party's counsel,

22  or disposed of pursuant to further order of the Court, except that counsel shall be entitled to

23  retain all memoranda or other documents prepared by counsel embodying information derived

24  from any such materials; provided, however, that no subsequent use shall entail disclosure of

25  any information as to which claim of confidentiality has been made.  The final determination of

26  this action shall not terminate the limitations on use and disclosure contained in this Stipulated

27  Protective Order.

28

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

13.    <u>AMENDMENT AND MODIFICATION</u>.  This Stipulated Protective Order may be amended by the written agreement of counsel for the parties submitted to an approved by the Court in this case.  Nothing in this Stipulated Protective Order shall preclude any party to this action from moving to vacate or modify this Stipulated Protective Order or any provision thereof.

14.    <u>JURISDICTION AND ENFORCEMENT</u>.  Any person to whom documents or information designated as Confidential or Attorney's Copy Only are disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring and adjudging such person's compliance with this Stipulated Protective Order.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

This jurisdiction shall survive the termination of this action. Any party or person subject to this Stipulated Protective Order who violates its provisions shall be liable for damages for any injuries or loss suffered by the producing party as a result of such violation.

This Order and the agreement embodied herein shall survive the termination of this litigation and continue in full force and effect.

RESPECTFULLY SUBMITTED.

Dated: January 18, 2013.

/s/ Dora V. Lane, Esq.
ANTHONY L. HALL, ESQ., NV Bar #5977
DORA V. LANE, ESQ., NV Bar #8424
HOLLAND & HART, LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: 775-327-3000; Fax.: 775-786-6179
*Attorneys for Plaintiff ENVTECH, INC.*

Dated: January 18, 2013.

/s/ Mark A. Goodman, Esq.
MARK A. GOODMAN, ESQ., NV Bar #10357
GOODMAN LAW CENTER
348 Mill Street
Reno, NV 89501
Tel: (775) 473-4268; Fax: (775) 996-8787

*Attorneys for Defendants*
*TALMOR SUCHARD, SENTRO*
*TECHNOLOGIES, LTD, AND SENTRO*
*TECHNOLOGIES, LLC*

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

Dated: January 18, 2013.

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511

5766134_2

10