UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ENVTECH, INC., | ) | 3:11-cv-00523-HDM-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| TALMOR SUCHARD, SENTRO TECHNOLOGIES, LTD., and SENTRO TECHNOLOGIES, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Before the court is defendant Sentro Technologies, Ltd.'s ("Sentro") motion to quash service of process due to a lack of personal jurisdiction (#94). Plaintiff has opposed (#99), and Sentro has replied (#102).

The court may order jurisdictional discovery "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Upon review of the pleadings and evidence attached thereto, the court finds that additional discovery is necessary bearing on the question of

1

jurisdiction before the court can decide the motion to quash. Accordingly, the parties shall have until March 25, 2013, in which to engage in limited discovery directed toward the facts supporting plaintiff's claim of personal jurisdiction over Sentro. Sentro's motion to quash (#94) is therefore denied without prejudice, to renew within fifteen days of the close of discovery as set forth above. The plaintiff's request for entry of default against Sentro (#92) is likewise denied without prejudice to renew.

IT IS SO ORDERED.

DATED: This 22nd day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE

2