UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ENVTECH, INC., a Nevada Corporation, ) | 3:11-cv-00523-HDM-WGC | |
| ) | | |
| Plaintiff, ) | **MINUTES OF PROCEEDINGS** | |
| ) | | |
| vs. ) | September 5, 2013 | |
| ) | | |
| TALMOR SUCHARD, et al., ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>   Katie Lynn Ogden   </u>   REPORTER:  <u>            FTR            </u>

COUNSEL FOR PLAINTIFF:  <u> Dora Lane, Esq. and Frank LaForge, Esq.           </u>

COUNSEL FOR DEFENDANTS:  <u> Mark Goodman, Esq.                                   </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:34 p.m. Court convenes.

**I.     Motion to Compel Discovery (Doc. # 125)**

The court addresses Plaintiff's Motion to Compel Discovery (Doc. # 125) and expresses its concern as to Defendant's responses to the discovery requests.  The court notes several deficiencies as to Defendant's responses to requests for production of documents and interrogatories.  Furthermore, Defendant has not produced verified declaration(s) that indicate he has formally requested the documents from Sentro Israel or that Defendant himself does not possess documents responsive to Plaintiff's request.

After further discussion as to Plaintiff's motion to compel, the Court finds as follows:

1. Plaintiff's Motion to Compel (Doc. # 125) is **GRANTED**.

2. Defendant's objections are **OVERRULED** as to the control argument and all "boilerplate" objections.

3. Mr. Suchard is required to produce documents that he has in his possession that are not otherwise privileged.

MINUTES OF PROCEEDINGS
3:11-cv-00523-HDM-WGC
Date: September 5, 2013
Page 2

4. If Mr. Suchard continues to assert that the documents are not under his control, he is required to verify in a declaration attached to the discovery responses that:

   a. Mr. Suchard does not have access himself to documents responsive to Plaintiff's requests; and

   b. Mr. Suchard shall document what efforts he has made to encourage Sentro Israel to produce documents responsive to Plaintiff's requests.

5. Defendant shall have up to and including **Wednesday, September 25, 2013**, to produce supplemental responses to Plaintiff's motion to compel, which includes request for production of documents and interrogatories.

The court reviews certain discovery requests and hears from counsel regarding their respective positions. The court provides specific comments as to the discovery requests and advises the parties that it will file a written order forthwith to address the items in Plaintiff's Motion to Compel (Doc. # 125).

II.   **Discussion as to Extension of Time Regarding Discovery Cut-Off Deadline (Doc. # 129)**

The court approves an extension of time as to the discovery cut-off deadline. The new discovery cut-off deadline is **February 14, 2014**. The parties are directed to submit a second amended scheduling order that includes all relevant dates in one document.

The parties' stipulation for extension of time for Defendant to file opposition to Plaintiff's motion to compel (Doc. # 129) has been previously addressed in Doc. # 134, and is therefore moot.

III.   **Motion for Issuance of Letters Rogatory to Compel the Taking of a Deposition and Production of Documents in Israel (Doc. # 126)**

In light of the extended discovery cut-off deadline, Plaintiff agrees to submit Amended Letters Rogatory as soon as possible. Therefore, Plaintiff's Motion for Issuance of Letters Rogatory is provisionally **GRANTED**, until the court is in receipt of the revised letters rogatory, at which time the motion will be granted.

MINUTES OF PROCEEDINGS
3:11-cv-00523-HDM-WGC
Date: September 5, 2013
Page 3

### IV. Next Scheduled Status Conference

The next Status Conference is set for **Wednesday, October 2, 2013, at 1:30 p.m.** Mr. Suchard's personal appearance for this status conference is required.

**IT IS SO ORDERED.**

2:34 a.m. Court adjourns.

                                                           LANCE S. WILSON, CLERK

                                                           By: _____/s/_____
                                                          Katie Lynn Ogden, Deputy Clerk