1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8
9   ENVTECH, INC., a Nevada Corporation,   )                      3:11-cv-00523-HDM-WGC
                                     )

10                 Plaintiff,         )                       **ORDER**
                                     )

11          vs.                      )      re: Plaintiff's Motion for Sanctions
                                   )             and to Compel

12   TALMOR SUCHARD, et al.,          )
                                   )             Doc. # 150

13                Defendants.      )

14   _____)

15        Before the court is Plaintiff EnvTech's Motion for Sanctions and to Compel. (Doc. # 150.)[1] No

16   response was filed by Defendant Talmor Suchard.

17                          **I. Background**

18        Plaintiff's motion details the long and arduous discovery history this case has generated arising

19   from Defendant Suchard's failure to comply with not only legitimate discovery requests but also with

20   orders of this court. (Doc. # 150 at pp. 1-10.)  With regard to the instant discovery dispute, the court

21   heard Plaintiff EnvTech's <u>motion to compel</u> on September 5, 2013. (Doc. # 137.) Thereafter, on

22   September 11, 2013, this court entered a comprehensive order concerning Plaintiff's discovery,

23   discussing  the legitimacy of Defendant's objections and adequacy of certain of Defendant's discovery

24   responses. (Doc. # 139.) Defendant was directed to provide further answers to certain of Plaintiff's

25   interrogatories and was also ordered to adequately respond to requests for production numbers 8, 19, 25,

26   27, 31, 37, 41, 42, 49, 58 and 59. (*Id*., at 11-12.)

27        At another discovery conference conducted on October 2, 2012, the court reviewed, among

28

           [1] Refers to court's docket number.

others, the adequacy of Defendant's response to Interrogatory No. 10.  The court deemed Defendant

Suchard's response to this interrogatory to be incomplete and ordered Defendant to supplement his

response as follows:

> Interrogatory No. 10
>
> Defendant shall supplement his response to this interrogatory. Defendant's response shall include information as to *each* company for which defendant provided services to since the start of his employment with EnvTech until present with respect to all five (5) subcategories listed in Interrogatory No. 10.

Defendant was also directed to file supplemental responses to Plaintiff's request for production. (Doc. # 147 at 2.)

The court further noted that "[i]f discovery disputes remain outstanding after defendant produces ay supplemental responses, the court will entertain a motion to compel and a motion for sanctions. (*Id.* at 3.)

Plaintiff's unopposed motion (Doc. # 150) now seeks the court to order that Defendant Suchard be (again) compelled to produce responsive documents sought by Plaintiff during discovery. Plaintiff also seeks sanctions be imposed by reason of Defendant's continued failure to provide adequate supplemental responses to Interrogatory No. 10 and to produce documents in Defendant's possession, mainly those pertaining to Sentro, Israel.

Suchard was previously directed to produce Sentro Israel documents under Defendant's control, more specifically, certain requests for production identified by Plaintiff as follows:

> The RFPs at issue generally concern two important issues in this case: the services provided by Suchard and Sentro Israel and Suchard's communications with potential clients:
>
> • RFPs 19 and 25 seek documents concerning the types of services Suchard and Sentro Israel provide their customers.
>
> • RFPs 27 and 31 seek communications with present and prospective Sentro Israel customers.
>
> • RFP 41 seeks documents concerning Suchard's development of chemical cleaning technology with Sentro Israel.
>
> • RFPs 58 and 59 seek communications with two specific oil refineries (with whom Suchard and Sentro Israel have sought business).

(*Id.*, at 2, 3 and 15-20)

1    Defendant apparently continues to refuse to produce Sentro Israel documents because Sentro

2    Israel supposedly will not permit Defendant Suchard, who is a 50% owner and director of Sentro, to

3    disclosure the requested documentation. This court preciously extensively analyzed – and rejected –

4    Defendant's contentions that the Sentro Israel documents are not in Defendant's possession or under his

5    custody or control. (Doc. # 139 at 7-11.) The court observed Suchard had apparently made no demand,

6    formal or informal, on Sentro to produce the documents, including no submission of a declaration

7    outlining his efforts (if any) to secure the documents from Sentro. After reviewing legal authorities

8    submitted by EnvTech from an Israeli attorney, the court concluded that under Israeli corporate law,

9    Suchard did in fact have rights to obtain and produce those materials.

10   The court ruled as follows:

11   Thus, Suchard's objection that he does not have control over the
     requested documents is overruled because he has not yet made an
12   adequate showing this is the case. To that end, he is required to produce
     documents that he has in his possession that are not otherwise privileged,
13   and has up to and including **September 25, 2013,** to produce
     supplemental responses to the requests for production of documents at
14   issue. If he wishes to continue to assert that responsive documents exist
     that are not within his control, he is required to set forth in a verified
15   declaration attached to his discovery responses that he does not himself
     have access to documents responsive to EnvTech's requests, and shall
16   also document efforts made to obtain the documents from Sentro Israel.
     Should EnvTech determine that his declaration is insufficient, it may
17   bring a further motion to compel, at which point the court will make a
     determination whether the documents are within Suchard's control.
18   Suchard is cautioned that unless he can demonstrate substantive, good
     faith efforts to secure the information from Sentro Israel, the court is not
19   likely to favorably receive any explanation of futility.

20   (Doc. # 139 at 10-11.)

21   Plaintiff has documented in its motion for sanctions/motion to compel (Doc. # 150) that

22   Defendant Suchard has failed to fully answer Interrogatory No. 10 or properly respond to requests for

23   production numbers 19, 25, 27, 31, 41, 58 and 59. Defendant Suchard has not provided any declaration

24   under oath outlining what effort he undertook (if any) to obtain the Sentro Israel documents. Because

25   Defendant failed to respond to Plaintiff's motion, the court has no information which might rebut any

26   of Plaintiff's assertions regarding Defendant's discovery productions or responses.

27   ## II. Discussion

28   Plaintiff seeks to invoke Fed. R. Civ. P. 37(b) sanctions by reason of Plaintiff's disobedience of

3

this court's discovery orders. Relevant sanctions under 37(b)(2)(A) may include (i) a finding the facts are established which this moving party sought to address in discovery; (ii) precluding the disobedient party to introduce certain matters into evidence or to oppose certain claims; (iii) striking pleadings in whole or in part; (vi) rendering a default judgment against the disobedient party; and/or (vii) treating the failure to obey a discovery order as contempt.

The failure for not obeying a discovery order may be sanctioned via one or more methods as set forth above under Fed. R. Civ. P. 37(b). The court has broad discretion to impose any of the penalties after a party has been found to have violated discovery orders of the court. *Anderson v. Foundation for Advancement, Educ. and Employment of American Indians*, 155 F.2d 500, 504 (4th Cir. 1998). Rule 37(b)(2)(C) also directs the court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust." As discussed above, because Defendant failed to oppose Plaintiff's motion, the court can find no basis to conclude Defendant's failure to comply with the discovery order was "substantially justified" or that reimbursement for expenses and fees would be "unjust." Instead, the court finds that Defendant Suchard has violated discovery orders of this court.

### III. Sanctions

In addition to again asking this court to order Defendant to produce discovery documents, Plaintiff's motion seeks multiple sanctions be imposed against Defendant Suchard, including a finding of contempt for which Plaintiff suggests Defendant Suchard should "spend 15 days in prison, or until he fully responds to Interrogatory 10, whichever is earlier." (Doc. # 150 at 20.) Additionally, Plaintiff seeks an order of "issue preclusion" as to the subject of Interrogatory 10 and also as to certain requests for production of documents. (*Id*.) Last, Plaintiff seeks an award of attorneys fees and costs Plaintiff has "accrued in having to seek this relief, beginning with Plaintiff's motion to compel." (*Id*. at 21.)

### A. Facts or Issues Conclusively Established

The court finds it appropriate that as a sanction, the court will deem as established the facts that Plaintiff was seeking to ascertain during discovery via Interrogatory No. 10. *Fencorp Co. v. Ohio Kentucky Oil Corp.*, 675 F.3d 933, 942 (6th Cir. 2012). More specifically, by reason of Defendant

4

Suchard's failure to comply with discovery orders of this court, the court finds the following issue to have been conclusively established:

> Since May 2011, Suchard and Sentro Israel have provided chemical cleaning services to oil and gas refineries, including heat exchange decontamination and the cleaning of HF Alyklation units, vacuum towers, crude-oil units, desalters, FCC units, vapor phase, and heaving-oil units. These oil and gas refineries include EnvTech's clients at the time of Suchard's employment there.

The court is unable to discern what other issues, if any, Plaintiff contends should be conclusively established as to Interrogatory 10 or under the Plaintiff's requests for production numbers 19, 25, 27, 31, 41, 58 and 59. In that respect, the discovery which was propounded in the subject requests for production (summarized by Plaintiff in Doc. # 150 at p. 15) does not seem to lend itself to such findings. Therefore, unless Plaintiff supplements its motion with other proposed specific findings (and if so, it must do so within ten days), the court will only make this one specific finding of issue preclusion.

Plaintiff's motion also asks this court to "issue an order compelling Suchard to produce all responsive documents in Sentro Israel's possession." (Doc. # 150 at 3; *id.*, at 21.) However, having already issued orders directing Defendant Suchard to produce responsive documents, with no satisfactory compliance from Defendant Suchard, the court is skeptical a third order compelling production of documents will accomplish what has been attempted previously. Nevertheless, the court will direct Defendant to comply with the prior discovery orders of this court or risk further sanctions.'

The court declines at this time to impose a contempt of court finding.

**C.  Payment of Fees and Expenses**

Plaintiff's motion requests the court to order an award of attorneys fees and costs "in having to seek this relief, beginning with the motion to compel." (Doc. # 150 at 21.) Rule 37(b)(2)(C) directs that a court "must order" the payment of reasonable expenses (including attorneys fees), but only for those caused by defendant's failure to comply with the order of the court. *Rates Technology, Inc. v. Mediatrix Telecom, Inc.*, 688 F.3d 642, 748 (Fed. Cir. 2012).

Although Rule 37(a) provides for an award of fees and expenses by reason of having to pursue an motion to compel, it does not appear Plaintiff's underlying motion to compel sought such expenses and fees as part of that motion.  (Doc. # 125.) The court will, however, award reimbursement to Plaintiff

1  in the amount of its attorneys fees and expenses incurred in making the instant motion (Doc. # 150) by

2  reason of Defendant's failure to comply with a court order. Rule 37(b).

3         The Plaintiff is directed to file a declaration within ten (10) days identifying and substantiating

4  its fees and expenses incurred in connection with the preparation of its motion for sanctions/motion to

5  compel (Doc. # 150). Defendant will be allowed to contest the reasonableness of the Plaintiff's claims

6  for fees and expenses. Any opposition to the Plaintiff's declaration re fees and costs shall be filed within

7  ten (10) days thereafter.

8                  **IV.  Conclusion**

9         Plaintiff's motion (Doc. # 150) is **<u>GRANTED</u>** consistent with the rulings delineated in this order.

10  **IT IS SO ORDERED.**

11  DATED:  December 31, 2013

12

13  _____
    WILLIAM G. COBB
    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28