UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ENVTECH, INC., a Nevada Corporation,

    Plaintiff,

vs.

TALMOR SUCHARD, an individual, SENTRO TECHNOLOGIES, LTD, a foreign company; and SENTRO TECHNOLOGIES, LLC, a Nevada Limited Liability Company

    Defendants.

CASE NO: 3:11-CV-00523-HDM-WGC
ORDER GRANTING
STIPULATED JUDGMENT FOR
PERMANENT INJUNCTION

Plaintiff EnvTech, Inc. ("Plaintiff" or "EnvTech") and Defendants Talmor Suchard ("Suchard"), and Sentro Technologies, LLC (collectively, "Defendants"), by and through their undersigned counsel, stipulate as follows:

1.     EnvTech provides cleaning solutions for oil and gas refineries, specializing in HF alkylation cleaning and neutralization and other types of unit process equipment decontamination. In the course of its business, EnvTech has developed and uses proprietary

1

chemical formulas, processes, and other highly confidential and/or trade secret information. EnvTech hired Suchard in or about January 2005. His responsibilities for EnvTech included visiting clients, pitching work, and overseeing EnvTech's cleaning processes.

2. As part of his employment with EnvTech, Suchard signed an at-will Employment Agreement and a Trade Secret and Non-Competition Agreement (the "TSNCA"). The Employment Agreement generally obligated Suchard during his employment and thereafter to avoid soliciting EnvTech's employees and independent contractors, to maintain the confidentiality of EnvTech's confidential information, not to solicit EnvTech's clients, business associates, or referral sources to do business with him or to cease doing business with EnvTech, and not to provide any service or lend any aid to any of EnvTech's clients. Under the TSNCA Suchard agreed during his employment and for five years thereafter not to disclose EnvTech's confidential, proprietary, and trade secret information and not to "engage or participate in any competitive activity relating to the subject matter . . . of his hiring by" EnvTech.

3. EnvTech believes that during his employment and after he was terminated in May 2011 up to the present, Suchard breached and is continuing to breach the Employment Agreement and TSNCA. More specifically, EnvTech asserts that during his employment with EnvTech, Suchard worked on behalf of other companies, solicited business from EnvTech's clients on behalf of himself and other companies, and used EnvTech's time, equipment, resources, and confidential and proprietary information to further his own financial interests and those of other business entities. EnvTech further asserts that, after his termination, Suchard continues to impermissibly (i) compete against EnvTech, (ii) contact its customers, and (iii) use EnvTech's confidential and proprietary information to procure customers and work on behalf of and through two competing businesses that he created - Sentro Technologies, Ltd. (an Israeli company) and Sentro Technologies, LLC (a Nevada company). Suchard is a 50% owner and director of both Sentro Technologies, Ltd. and Sentro Technologies, LLC.

4. On or about June 22, 2011, EnvTech filed a lawsuit against Suchard in the

Second Judicial District Court, Washoe County, Nevada, in Case No. CV11-01850 (the "Nevada Litigation"). The Nevada Litigation was ultimately removed to the United States District Court, District of Nevada, where it was docketed as Case No. 3:11-cv-00523-HDM-RAM. In or about August 2012, EnvTech filed a First Amended Complaint, naming Sentro Technologies, Ltd. and Sentro Technologies, LLC as additional parties to the Nevada Litigation. In the Nevada Litigation, Suchard eventually answered EnvTech's lawsuit and denied all liability. Sentro Technologies, Ltd. initially moved to quash jurisdiction, but later withdrew its motion, proclaiming intent not to respond to the Nevada Litigation in any fashion. On or about November 29, 2012, the Court entered a preliminary injunction against Suchard, precluding him from engaging in certain activities precluded by his employment agreements with EnvTech, directly or indirectly through his affiliates.

5. EnvTech and Defendants have agreed to resolve this matter on terms memorialized in a separate settlement agreement between the parties. Nothing in this Stipulated Judgment for Permanent Injunction shall affect the rights and obligations set forth in the parties' settlement agreement.

6. Without admitting liability, Suchard states that he has (directly or indirectly through his affiliates) provided and/or attempted to provide services related to decontamination, cleaning, or neutralization of HF Alkylation process equipment to third parties (including EnvTech clients and/or prospective clients). Without admitting liability, Suchard also states that he has (directly or indirectly through his affiliates) solicited entities that are current or prospective EnvTech clients, referral sources, or business affiliates to do business with Suchard (directly or with his affiliates). Without admitting liability, Suchard further states that he has (directly or indirectly through his affiliates) provided chemical cleaning services to entities that are current or prospective clients of EnvTech.

7. Accordingly, as part of the settlement between EnvTech and Defendants, the parties have agreed to the entry of a permanent injunction precluding Suchard and Sentro Technologies, LLC (and the individuals and entities referenced in Paragraph 8 below). Accordingly, the parties agree that Suchard (and the individuals and entities referenced in

Paragraph 8 below) are permanently enjoined from:

    a) Using in any way, or disclosing to anyone, any of EnvTech's confidential, proprietary, and trade secret information, including but not limited to EnvTech's strategic planning information, the chemical formulas and procedures it has developed to service its customers, identities or information on its customers including attributes, preferences, and the unique processes and procedures EnvTech has developed to service its customers. (Suchard will use commercially available products to perform chemical cleaning services and will not create his own chemical cleaning blends.);

    b) Sending out or transmitting any letters or other forms of communication to oil refineries stating that EnvTech's chemicals contain carcinogens and/or that EnvTech falsifies its Material Safety Data Sheets;

    c) Holding themselves out to anyone as affiliated with EnvTech or using EnvTech's name, trademarks, literature or documents for any purpose whatsoever;

    d) ***Engaging in decontamination, cleaning, or neutralization of HF Alkylation process equipment of any kind;***

    e) Soliciting or encouraging any person or entity with whom EnvTech has done business while Suchard was employed with EnvTech to cease doing business with EnvTech or to do any business with Defendants (or any entity or individual with whom Defendants are affiliated) with respect to decontamination, cleaning, or neutralization of HF Alkylation process equipment of any kind.

    8. The provisions of this Stipulated Judgment for Permanent Injunction shall apply to Suchard, Sentro Technologies, LLC, Sentro Technologies, Ltd. (as Suchard is a 50% owner and Director of Sentro Technologies, Ltd., and acts in active concert with Sentro Technologies,

Ltd.). The Stipulated Judgment for Permanent Injunction shall also apply to Defendants' officers, agents, servants, and employees, as well as any other persons who are in active concert or participation with any of these individuals or entities.

9.   Upon entry of the order approving this Stipulated Judgment for Permanent Injunction, the case will be dismissed with prejudice, with each party to bear its own attorney's fees and costs.

RESPECTFULLY SUBMITTED.

Dated: 2/13, 2014.

*Dora Lane*

ANTHONY L. HALL, ESQ., NV Bar #5977
DORA V. LANE, ESQ., NV Bar #8424
HOLLAND & HART, LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: 775-327-3000; Fax.: 775-786-6179
*Attorneys for Plaintiff ENVTECH, INC.*

Dated: 2/13, 2014.

MARK A. GOODMAN, ESQ., NV Bar #10357
GOODMAN LAW CENTER
348 Mill Street
Reno, NV 89501
Tel: (775) 473-4268; Fax: (775) 996-8787

*Attorneys for Defendants
TALMOR SUCHARD, SENTRO
TECHNOLOGIES, LLC*

**IT IS SO ORDERED:**

The Court, having reviewed the foregoing Stipulated Judgment for Permanent Injunction, all papers and pleadings on file with the Court, and the evidence presented to the Court during the November 29, 2012 hearing on EnvTech's Amended Motion for Preliminary Injunction, finds that EnvTech has suffered an irreparable injury, which cannot be redressed by remedies available at law. The Court further finds that the balance of hardships between the parties warrants the issuance of a permanent injunction in EnvTech's favor, and that the public interest would not be disserved by the entry of a permanent injunction.

Accordingly, the Court hereby approves the parties' Stipulated Judgment for Permanent Injunction.

*/s/ Howard D. McKibben*
UNITED STATES DISTRICT JUDGE

Dated: February 20, 2014